UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Manetirony Clervrain, | Case No. 19-cv-0965 (WMW/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mark Dayton, Governor; Steve Simon, Secretary of State; Lori R. Swanson, Attorney General of Minnesota; and John Sandweg, Director (ICE), | |
| Defendants. | |

In an order dated April 10, 2019, this Court denied Plaintiff Manetirony Clervrain's application to proceed *in forma pauperis* ("IFP") on the ground that Clervrain was ineligible to proceed IFP in these proceedings. (Order at 3 (citing 28 U.S.C. § 1915(g)) [Doc. No. 7].) Clervrain was given until May 3, 2019, to pay the full $400 filing fee and proceed as a non-IFP litigant, failing which the Court would recommend that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

That deadline has now passed, and Clervrain has not paid the filing fee. In fact, Clervrain has not communicated with the Court about this case at all since commencing this action. Accordingly, this Court now recommends, in accordance with its prior Order, that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*,

1

267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Dated: May 8, 2019                    s/ *Hildy Bowbeer*
                                      Hildy Bowbeer
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).