UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Manetirony Clervrain,

    Plaintiff,

v.

Mark Dayton, Steve Simon, Lori R. Swanson, and John Sandweg,

    Defendants.

Case No. 19-cv-0965 (WMW/HB)

**ORDER**

---

This matter is before the Court on Plaintiff Manetirony Clervrain's Application to Proceed *In Forma Pauperis* on Appeal, (Dkt. 18), (IFP Application), and a document filed by Clervrain titled "MOTION FOR INTERLOCUTOR [sic] APPEALS AS ['*REASONING POWER*'] FOR CONTROVERSY BY ['*THE ANT*'] VICTIM MULTIPLICITY ACT ('TAVMA')," (Dkt. 17), (Motion). For the reasons addressed below, the Court denies both the IFP Application and the Motion.

**BACKGROUND**

On April 8, 2019, Clervrain commenced this action by filing a complaint alleging that Defendants violated various constitutional rights and federal statutes. Clervrain also applied to proceed *in forma pauperis* (IFP).

The magistrate judge subsequently denied Clervrain's April 2019 application to proceed IFP, observing that, in the course of filing numerous federal court actions, Clervrain had accumulated three "strikes" for purposes of 28 U.S.C. § 1915(g). Specifically, Clervrain had, "on 3 or more prior occasions, while incarcerated or detained

in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Under these circumstances, a prisoner IFP applicant that has three strikes generally cannot proceed IFP in further litigation. *Id*. For these reasons, the magistrate judge found that Clervrain could not proceed IFP in this litigation. Instead, Clervrain was required to pay the filing fee by May 3, 2019.

Because Clervrain failed to do so, the magistrate judge issued a Report and Recommendation (R&R) on May 8, 2019, recommending dismissal of this action for failure to prosecute. Clervrain did not object to the R&R, and on August 9, 2019, this Court adopted the R&R and dismissed this action without prejudice. The Court entered judgment on August 12, 2019.

On April 15, 2020, Clervrain filed a document titled "MOTION FOR SUPPLEMENTAL INJUSTICE ADVERSELY AFFECTED ['THE ANT'S'], AND FOR ['*RELATED MATER(S)*'] FOR JUSTIFICATION ACT ('TAJA')." In light of the August 12, 2019 judgment, the Court expressly declined to address the motion.

On October 2, 2020, Clervrain filed the pending IFP Application along with a document titled "MOTION FOR INTERLOCUTOR [sic] APPEALS AS ['*REASONING POWER*'] FOR CONTROVERSY BY ['*THE ANT*'] VICTIM MULTIPLICITY ACT ('TAVMA')." The Motion is unintelligible. It appears from the Motion's text and caption that Clervrain intends the Motion to serve as a notice of appeal. The IFP Application requests permission for Clervrain to proceed *in forma pauperis* on appeal.

## ANALYSIS

A district court may authorize a prisoner's appeal "without prepayment of fees." 28 U.S.C. § 1915(a)(1); *see also Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (observing that the decision whether to grant or deny *in forma pauperis* status is within the sound discretion of the district court). However, there are strict statutory restrictions on prisoners who have a history of frivolous filings: "In no event shall a prisoner bring [an] . . . appeal . . . in a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim . . . unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

On more than three prior occasions, cases filed by Clervrain have been dismissed as frivolous or for failure to state a claim on which relief can be granted. *See Clervrain v. Sawyer*, No. 1:20-cv-348, 2020 WL 3424893, at *2 (W.D. Mich. June 23, 2020) (dismissing Clervrain's complaint as frivolous); *Clervrain v. Wilson*, No. 2:20-CV-02061, 2020 WL 1977392, at *2 (W.D. Ark. Apr. 24, 2020) (dismissing Clervrain's complaint because "[t]he Court can infer no plausible claims from Plaintiff's 212 pages of jabberwocky"); *accord Clervrain v. Coraway*, 786 F. App'x 1, 4 (5th Cir. 2019) ("Clervrain is therefore barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury."); *see also Clervrain v. Hogan*, No. GJH-19-805, 2019 WL 10837795, at *1 (D. Md. Mar. 20, 2019) (dismissing action for frivolity and collecting cases in which

3

Clervrain's prior cases have been dismissed); *Clervrain v. Coraway*, No. 3:18-CV-819-G (BN), 2018 WL 6304411, at *1 (N.D. Tex. Dec. 3, 2018), *adopting report and recommendation*, 2018 WL 6313216, at *4 (recommending dismissal for failure to state a claim). And Clervrain's present Motion fails to demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Accordingly, Section 1915(g) bars Clervrain from proceeding IFP on appeal in this action, and his IFP Application is denied on that basis. *Id.*

The Court construes Clervrain's Motion as a notice of appeal of the August 12, 2019 judgment. Under Rule 4(a)(1)(A), Fed. R. App. P., an appellant must file a notice of appeal "with the district clerk within 30 days after entry of the judgment or order appealed from." The deadline for doing so in this case was September 11, 2019, which was 30 days after the entry of judgment. Clervrain's pending Motion was filed on October 2, 2020. Clervrain has plainly missed the deadline. Although Rule 4(a)(5)(A)(i) permits a district court to "extend the time to file a notice of appeal," the deadline for seeking such an extension is 30 days after the Rule 4(a)(1)(A) deadline. Fed. R. App. P. 4(a)(5)(A)(i). Clervrain's deadline for seeking an extension was October 11, 2019. Clervrain has missed this deadline as well. The Court lacks the authority to grant Clervrain any additional time to file a notice of appeal. Accordingly, the Court denies the Motion because it is an untimely notice of appeal.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Manetirony Clervrain's application to proceed *in forma pauperis* on appeal, (Dkt. 18), is **DENIED**.

2. Plaintiff Manetirony Clervrain's "MOTION FOR INTERLOCUTOR APPEALS AS ['*REASONING POWER*'] FOR CONTROVERSY BY ['*THE ANT*'] VICTIM MULTIPLICITY ACT ('TAVMA')," (Dkt. 17), is **DENIED**.

3. Pursuant to Federal Rule of Appellate Procedure 24(a)(4)(A), the Clerk of Court is **DIRECTED** to notify the United States Court of Appeals for the Eighth Circuit that this Court has denied Clervrain's application to proceed *in forma pauperis* on appeal.

Dated: January 22, 2021                                s/Wilhelmina M. Wright
                                                                                             Wilhelmina M. Wright
                                                                                             United States District Judge